## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is entered into by and between Yvon Rautier ("Rautier") and Dollar Tree Stores, Inc. ("Dollar Tree") (Rautier and Dollar Tree are collectively referred to herein as the "Parties") and is effective as of the last date on which the Parties sign the Agreement.

WHEREAS, Rautier is a former employee of Dollar Tree.

WHEREAS, on or about April 13, 2016, Rautier filed a consent form to join a lawsuit styled as *Sandra Goodwin, et al. v. Dollar Tree Stores, Inc.,* Case No. 0:16-cv-60214-WJZ, which is currently pending in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division (the "Lawsuit").

WHEREAS, to avoid the possible future costs, burdens, or distractions of litigation, Rautier and Dollar Tree now desire and, through the execution of this Agreement, intend to dispose of and resolve fully and completely any and all disputes, causes of action, claims, issues, and/or differences between Rautier and Dollar Tree, including, but not limited to, those which have arisen, could have arisen out of, and/or are in any way related to the Lawsuit and/or Rautier's employment with Dollar Tree, separation from employment with Dollar Tree, and any and all matters that might arise between Rautier and Dollar Tree as a result of any act that has heretofore occurred.

NOW THEREFORE, in consideration of the mutual promises and covenants set forth below, the Parties agree as follows:

1. **Payment to Rautier.** In exchange for the promises made by Rautier in this Agreement, Dollar Tree agrees to pay the total sum of TWELVE THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($12,750.00), upon the terms set forth in this Agreement, allocated as follows:

    a. Dollar Tree shall issue payment in the amount of TWO THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($2,750.00), subject to applicable withholdings and deductions, made payable to "Yvon Rautier," in compensation for back wages. Dollar Tree will issue to Rautier an IRS Form W-2 in connection with this payment.

    b. Dollar Tree shall issue payment in the amount of TWO THOUSAND SEVEN HUNDRED FIFTY DOLLARS AND ZERO CENTS ($2,750.00), made payable to "Yvon Rautier," in compensation for sums other than back wages. Dollar Tree will issue to Rautier an IRS Form 1099 in connection with this payment. Rautier agrees he is solely responsible for any applicable taxes, penalties, interest, or other amounts due on the payment described above, and shall indemnify Dollar Tree and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, governors, associates, agents and representatives and hold it/them harmless for any taxes, penalties, or interest he becomes required to pay related to the payment described herein.

c.  Dollar Tree shall issue payment in the amount of SEVEN THOUSAND TWO HUNDRED FIFTY DOLLARS AND ZERO CENTS ($7,250.00), made payable to "Law Office of Keith M. Stern, P.A.," tax identification number 91-2167720, in compensation for attorney's fees and costs. Dollar Tree will issue to Law Office of Keith M. Stern, P.A. an IRS Form 1099 in connection with this payment.

d.  Dollar Tree shall deliver the above-referenced checks to counsel for Rautier within fifteen (15) business days of the last to occur of the following: (a) Dollar Tree's counsel has received a copy of this Agreement bearing the original signature of Rautier; (b) Dollar Tree's counsel has received a copy of an IRS W-9 tax form signed by Rautier and a copy of an IRS W-9 tax form signed by counsel for Rautier; and (c) the Parties have received an Order from the Court in the Lawsuit Approving the Settlement Agreement and Dismissing the Lawsuit, with prejudice.

2.  **No Consideration Absent Execution of this Agreement.** Rautier understands and agrees that the payment described above in Paragraph 1 would not be provided except for Rautier's execution of this Agreement and the fulfillment of the promises contained in this Agreement. The payment reflected in Paragraph 1 is made in full and final settlement and resolution of any cause of action Rautier has against Dollar Tree.

3.  **Fees and Costs.** Except as may be otherwise provided in Paragraph 1 above in this Agreement or any part of the settlement approved by the Court in Case No. 0:16-cv-60214-WJZ, the Parties agree to bear their own fees, costs, and expenses, including attorneys' fees, in connection with the litigation, negotiation, and settlement of the Lawsuit.

4.  **No Rehire Provision.** Rautier agrees that he will not apply for employment with Dollar Tree or any of its parents, subsidiaries, divisions, or affiliates. Execution of this Agreement gives Dollar Tree the right to refuse to employ Rautier without liability.

5.  **Dismissal with Prejudice of the Lawsuit.** Rautier understands that by entering into this Agreement, he is voluntarily agreeing to seek Court approval of this Settlement and the dismissal of the Lawsuit. This settlement is in full and final satisfaction of any and all Rautier's claims, including claims for attorneys' fees and costs, whether made by the Rautier or his attorney(s), and the Rautier hereby agrees that neither he nor his attorney will make any claim for attorneys' fees or costs under any statute or under any other legal theory in the pending matter or in any another matter. Rautier represents that other than the Lawsuit, no claim, charge, complaint or action exists against Dollar Tree or Releasees (as defined in Paragraph 6 hereof) in any forum.

6.  **General Release by Rautier.** In exchange for the consideration provided, except as expressly provided below, Rautier releases, relinquishes, and gives up (and agrees not to file any suit with respect to) any and all claims, suits, causes of action, known or unknown, which Rautier may have or hold against any or all of Dollar Tree and Dollar Tree's owners, shareholders, employees, officers, directors, assigns, parent, predecessors and successors, present and former affiliates, subsidiaries, legal representatives and agents (collectively, the "Releasees") of and from all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, claims and demands whatsoever, whether individual or collective, in law or in

equity, known or unknown, foreseen or unforeseen which Rautier ever had, now has or which he or his heirs, executors, personal or legal representatives, administrators, successors or assigns hereafter shall, can or may have from the beginning of the world to the Rautier's execution of this Agreement. The foregoing release includes, but is not limited to, any and all claims alleged in the Lawsuit as well as any and all claims in any way arising out of, relating to or resulting from (a) Rautier's employment with Dollar Tree or his separation from employment; (b) the Lawsuit; (c) any fact, statement, or conduct made on or occurring prior to the Rautier's execution of this Agreement; (d) any employment or business custom, practice or policy of Dollar Tree, and/or (e) any conduct or decision of Dollar Tree which has in any way affected Rautier or discussions leading up to and/or culminating in this Agreement.

This release includes, but is not limited to, a release of any and all rights Rautier has to sue or bring any type of claim under (a) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, ("ADEA") except as provided below, (b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.*, (c) the Employment Act of 1967, (e) the Civil Rights Act of 1991, (d) the Civil Rights Act of 1866 and 1870, (e) 42 U.S.C. § 1981, as amended, (f) Executive Order 11246, (i) the Americans with Disabilities Act 42 U.S.C. § 12101, *et. seq*, as amended, (g) the Family and Medical Leave Act, as amended, (h) the Equal Pay Act of 1963, as amended, (i) the Immigration and Reform Control Act, as amended, (j) the Florida Civil Rights Act – Fla. Stat. §760.01, *et seq.*, (k) the Florida Whistleblower Act – Fla. Stat., §448.101, *et seq.*, (l) any claim for retaliation under the Florida Workers' Compensation Act, Fla. Stat. §440.205, (m) any other state, federal, and local law, regulation and ordinance dealing with discrimination in employment, disability, wrongful discharge, and retaliation for exercising any right or participating or engaging in any activity, (n) the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, (o) the Florida Minimum Wage Act – Fla. Stat., § 448.110 and Article X, Section 24 of the Florida Constitution, (p) any and all Florida Wage Payment Laws, including, but not limited to Fla. Stat., § 448.08, (q) the Occupational Safety and Health Act, as amended, (r) the Sarbanes-Oxley Act of 2002, as amended, (s) the Employment Retirement Income Security Act of 1974, as amended (except vested benefits), (t) the Worker Adjustment and Benefit Protection Act of 1990, as amended, (u) the Older Workers Benefit Protection Act of 1990, as amended, (v) the Worker Adjustment and Retraining Notification Act, as amended, (w) for any federal, state or common law claim or cause of action for breach of contract, wrongful discharge, constructive discharge, retaliation, defamation, slander, liable, intentional or negligent infliction of emotional distress, misrepresentation, fraud, promissory estoppel, any other tort or negligence claim, or obligations arising out of any of Dollar Tree's employment policies or practices, employee handbooks and/or any statements by any employee or agent of Dollar Tree whether oral or written; and (x) for reinstatement, back pay, bonus, attorneys' fees, compensatory damages, costs, front pay, any form of equitable or declaratory relief, liquidated damages, emotional distress, personal injury, punitive damages, pain and suffering, medical expenses, damage to reputation, damage for personal, emotional or economic injury or damage of any kind.

This release does not release any claims the law does not permit Rautier to release, including that this release does not compromise, waive, or prejudice any claims for unemployment (reemployment) benefits consistent with Florida Statutes §443.041(1), or any claims for worker's compensation benefits consistent with Florida Statutes §440.21. Nothing in this Agreement shall be construed to prohibit Rautier from enforcing this Agreement or from

filing a charge with the Equal Employment Opportunity Commission, Florida Commission on Relations, local human rights agency or the National Labor Relations Board, or from participating in any investigation or proceeding conducted by these agencies. Notwithstanding the foregoing, Rautier agrees to waive his right to recover monetary damages in any charge, complaint, or lawsuit filed by Rautier or by anyone else on his behalf. Rautier assures Dollar Tree that as of the date of execution of this Agreement by Rautier, Rautier is not aware of any fact or circumstance that Rautier believes creates any duty or obligation on the part of Rautier to report any matter or concern to any governmental agency.

If the release of any claim described herein is found invalid, Rautier acknowledges and agrees that such invalidity has no effect on the validity of any other release of claim and that this Agreement shall remain valid and enforceable so long as the release of claim provisions that are found valid and enforceable are acceptable to Dollar Tree.

7. <u>Class or Collective Action Claims</u>. Rautier acknowledges and agrees that included among the claims released are any and all claims that have been, or may be, asserted by his or by any other person or entity on his behalf in any class or collective action relating to the Releasees including but not limited to Dollar Tree. Consistent with the terms of this Agreement:

(a) Rautier waives any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against the Releasees and that involve events which have occurred as of the date Rautier signs this Agreement; and

(b) Rautier waives any and all rights he might otherwise have to receive notice of any class or collective action for any claims released in this Agreement. In the event that Rautier is included or identified as a member, or potential member of a class in any proceeding against the Releasees, Rautier agrees to opt out of the class at the first opportunity afforded to his after learning of his inclusion. In this regard, Rautier agrees that he will execute, without objection or delay, an "opt-out" form presented to his in connection with such proceeding.

8. <u>Encumbrances</u>. Rautier warrants and represents that there are no liens or encumbrances on his claims, including but not limited to Workers' Compensation liens, physicians' liens, and/or attorney liens. Rautier expressly acknowledges that, in any case, all obligations to satisfy such liens are the sole responsibility of Rautier, and not of Dollar Tree. Rautier also agrees that if any liens or encumbrances on his claims should arise between the date he signs the Agreement and the date on which the funds identified in Paragraph 1 of this Agreement are paid and Dollar Tree is required by law to pay such lien or encumbrances, Dollar Tree's payment of the lien or encumbrance shall act as an offset to Dollar Tree's obligations to Rautier set forth herein.

9. <u>Denial of Liability</u>. It is expressly understood and agreed to by and among the Parties hereto that by entering into this Agreement, Dollar Tree and Rautier do not admit the truth of the allegations made in the Lawsuit, and this is a compromise of disputed claims which should not be construed as an admission of liability on the part of any party. Dollar Tree expressly denies any wrongdoing or liability to Rautier.

4

10. <u>Review of the Agreement</u>. Rautier acknowledges that he has carefully read this Agreement and understands all of its terms, and that he signs it voluntarily with full knowledge of its significance after adequate opportunity for consideration and consultation with an attorney/advisor. Rautier represents that no payments or consideration have been promised to his for executing or delivering this Agreement other than those described herein, and that the payment and benefit described herein shall constitute the entire amount of consideration provided to his under the Agreement. Rautier acknowledges that this amount constitutes adequate and sufficient consideration for the claims released herein and any other promises made under this Agreement. The recitals stated above are incorporated herein by reference. The Parties have each received or had the opportunity to receive independent legal advice from attorney(s) of their choice with respect to the preparation, review and advisability of executing this Agreement. Rautier has consulted with counsel of his choice, Law Office of Keith M. Stern, P.A., prior to execution of this Agreement. The Parties acknowledge that they have executed this Agreement after independent investigation and without fraud, duress or undue influence.

11. <u>Medicare.</u>

(a) <u>General Acknowledgement of Medicare's Interest</u>. This settlement is based upon a good faith resolution of a disputed claim. The Parties have not shifted responsibility for medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms, and to comply with both federal and state law. The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services or Medicare on this settlement, or Rautier's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this settlement.

(b) <u>General Indemnification</u>. Rautier represents and agrees that he will indemnify, defend and hold Dollar Tree and the Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages (including multiple damages) from Dollar Tree or the Releasees relating to Rautier's alleged injuries, claims or allegations, Rautier will defend and indemnify Dollar Tree or the Releasees, and hold Dollar Tree or the Releasees harmless from any and all such damages (including multiple damages), claims, liens, Medicare conditional payments and rights to payment, including any attorney fees sought by such entities.

(c) <u>Release as to Private Right of Action</u>. Rautier agrees to waive any and all private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) et seq.

(d) <u>Representations That No Injuries or Illnesses Involving Medicals Are Claimed and No Liens Exist</u>. Rautier affirms, covenants, and warrants that he has made no claim for illness or injury against, nor is he aware of any facts supporting any claim against Dollar Tree or the Releasees under which Dollar Tree or the Releasees could be liable for medical expenses incurred by Rautier before or after the execution of this Agreement. Furthermore, Rautier is aware of no medical expenses which Medicare has paid and for which Dollar Tree or the Releasees are or could be liable now or in the future. Rautier agrees and affirms that, to the best

of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist.

12. <u>All Compensation Paid</u>. Rautier agrees and acknowledges that upon Dollar Tree's payment of the consideration under this Agreement, he is not entitled to any other compensation, bonuses, expenses, or accrued but unused paid time off benefits, such as vacation, from the hours he worked and services provided as an employee of Dollar Tree.

13. <u>Assigns and Successors-in-Interest</u>. This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

14. <u>Confidentiality/Non-Disparagement</u>. Other than filing this Agreement with the Court for review and approval in accordance with Judge Zloch's requirements, Rautier agrees to keep the terms and conditions of this Agreement and the payment of the settlement proceeds in accordance with this Agreement confidential and he will not disclose to any other person other than the Rautier's spouse, attorney, or tax advisor (collectively, a "Disclosed Party"). Rautier shall advise any Disclosed Party that this Agreement is confidential and the Disclosed Party shall not disclose any information that Rautier conveys to the Disclosed Party about the Agreement or the Lawsuit. If asked about the terms of this Agreement, Rautier and any Disclosed Party shall state that the claim has been resolved to the satisfaction of the Parties. Rautier agrees that after the date of this Agreement, he will not disparage or denigrate Dollar Tree orally or in writing to any third party, any web or Internet site, newspaper, or media source of any type.

15. <u>Employment Reference</u>. Dollar Tree has partnered with TALX to provide an automated employment income verification service known as "The Work Number" at 1-800-367-5690 or www.theworknumber.com. Dollar Tree's employer code for TALX is 13180. Dollar Tree does not permit field personnel to give out any former or current associate's personal information or work history, including employment verification. Rautier shall refer any potential employers to this Work Number for all job verification and references related to his employ with Dollar Tree.

16. <u>Applicable Law</u>. The existence, validity, construction, and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions shall be determined in accordance with the laws of the State of Florida, without giving effect to the principles of conflicts of law.

17. <u>Entire Agreement</u>. This Agreement sets forth the entire agreement between the Parties, and fully supersedes all prior and/or contemporaneous agreements or understandings between the Parties which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

18. <u>Modification</u>. This Agreement may be modified, but only if the modification is in writing and signed by all Parties to this Agreement.

19. <u>Severability.</u> Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

20. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, including electronic signatures, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

21. <u>Joint Effort.</u> The Parties stipulate that this Agreement was prepared by and is the joint effort of the Parties through negotiations. Accordingly, any ambiguity, uncertainty or vagueness in the construction and interpretation of this Agreement shall not be attributed to either Rautier or Dollar Tree, and the theory of construction that a document should be construed against the party drafting the document is waived and will not be applied in construing this Agreement.

\*          \*          \*

IN WITNESS WHEREOF, and intending to be legally bound, the Parties have executed this Agreement as of the date stated below.

Agreed to and accepted by:

_____     _____7/14/16_____
Yvon Rautier                                               Date


Agreed to and accepted by:

_____Amy Morrissey Turk_____     ____07/21/16____
Dollar Tree Stores, Inc.                              Date
Name: Amy Morrissey Turk
Title: Assistant General Counsel, Employment

Firmwide:140918336.2 061603.1182

7